The next matter, number 172014, Dialysis Access Center, et al. v. RMS Lifeline, Inc. Good morning. May I please the Court? I'm Vamily Lopez-Ortiz, attorney for appellants together with Lisa Negron. In this case, there's a threshold matter. This is an arbitration case in which the standard of judicial review afforded to the arbitration award is the threshold matter to be determined by the Court. This is a diversity jurisdiction case. And this is a case that the agreement between the parties states that the governing law is the Puerto Rico substantive law. Therefore, we propose to the Court that the Puerto Rico Arbitration Act is applicable in this case. The governing law clause, which is clause 13.3 of the agreement between the parties states that this agreement shall be construed in accordance with the internal substantive laws of the common law of Puerto Rico. And in accordance with that agreement, appellants contend that this judicial standard, the Puerto Rico Arbitration Act applies, and that has an effect on the judicial review that must be afforded to the arbitration award. Isn't that contrary to the American Arbitration Act? To the Federal Arbitration Act? Yes, the Federal Arbitration Act. Well, this Court has stated in Ortiz-Espinosa that where the Federal Arbitration Act applies, which would be in a case of interstate commerce, that standard of review can be substituted by a state law standard of review if the parties agree to it. And this is, Ortiz-Espinosa is an interpretation after the Supreme Court's decision of law. So what we propose is that in this case, the parties in fact agreed to conduct the arbitration and the enforcement of the arbitration according to Puerto Rico's substantive laws. But haven't we said that these kinds of generic state law provisions don't govern the arbitration? Aren't enough? We said, yes, you can contract to do whatever you want to do, and you can contract to have state law apply. But the problem with this 13.3 is that it's applicable to the whole contract and not specific to the arbitration provision itself. And haven't we said that that kind of level of generality just doesn't cut it? Well, the Court has stated that it has to be expressed agreement, that it has to be expressed explicitly agreed by the parties. This is not a generic proposal. It is specifically stated that the governing law of this case is going to be the laws of Puerto Rico. And this is important because the laws of Puerto Rico apply through two ways, through diversity jurisdiction and through the agreement of the parties regarding this. If you look at the arbitration clause, Your Honor, of the contract, which is clause 13.9, it does not mention anything. It only mentions that the parties are going to arbitrate their disputes and that when the arbitration is to be conducted, that it's going to follow the eight American Health Lawyers Association rules. But it does not state that it's going to follow the federal arbitration laws. If I read that, and I have to read the contract together, each clause together with the other one, if I read that together with the governing law clause, which is 13.3, that says that it is going to be determined in accordance with internal substantive laws of Puerto Rico, then we reach to the applicability of the Puerto Rico Arbitration Act. Now, if the Puerto Rico Arbitration Act applies, it will determine that the judicial review of the arbitration award will necessarily involve the legal merits of the award because in Rivera-Samaritano, the Puerto Rico Supreme Court has stated that if the parties had agreed to arbitrate, to settle their controversies according to law, then judicial review would encompass the legal merits of that review. That is why appellants have made reference to the numerous errors of law that are contained in the arbitrator's award. Starting with the issue of dolo, which had been previously referred by the court in the first appeal, in this case in which the court was indicated and defined what dolo liability meant. What were the consequences of fraud at the formation of the contract, which was the first allegation made by the appellant? In our first case, we were trying to identify the issues for purposes of determining arbitrability, period. We weren't directing anyone to do anything other than we had to figure out if this was the proper subject matter of arbitration. I think that the brief which suggests that we were directing the parties is not totally accurate. It is not, Your Honor, but in order for the court to determine in that first appeal what were arbitrable issues in that case, the court had to decipher what were the allegations of Dialysis Access Center regarding the agreement. Because what Dialysis Access Center was arguing at that time was that before terminating the contract, the parties had to perform previous actions. They were alleging that there was fraud in the formation of the contract that had affected the consent of Dialysis Access Center to the contract itself. So in that respect, what the court did was say, well, what you're saying is that there was fraud or dolo in the formation of the contract. And that issue is an arbitrable issue. So even though the court was not directing, the court defined what were the issues in order to determine if they were arbitrable or not. 13.9, the arbitration clause, is a specific clause dealing with arbitration. Am I correct? It says dispute resolution arbitration, yes. Clause 13.9. 13.3 talks about the substantive laws of Puerto Rico. It says governing laws. 13.3, the way I read it, is this agreement shall be construed in accordance with the internal substantive laws of Puerto Rico. And it says that's a governing law for the contract. 13.3, governing law. This agreement shall be construed in accordance with internal substantive laws of Puerto Rico. Is arbitration substantive or procedural? Excuse me? Is arbitration substantive or procedural? It is procedural, Your Honor. Then that clause, that section doesn't apply. But you have diversity jurisdiction. Pardon me? You have diversity jurisdiction in this case. We also have the Federal Arbitration Act. Excuse me? We also have the Federal Arbitration Act, which preempts. I understand, Your Honor. The opposition is that this clause, which says governing laws, that it refers to the laws, the substantive laws of Puerto Rico. It requires the applicability of the Puerto Rico Arbitration Act and the review of the legal merits of the award. But we can reach the same kind of judicial review, Your Honor, even if we follow the Federal Arbitration Act. Because under the Federal Arbitration Act, what the appellant is arguing to the court is that there are so many errors of law that it becomes a manifest disregard of the law. And it constitutes enough under 10A3 of the Federal Arbitration Act for revocation of the award. Because we have, if the parties agreed to follow the substantive laws of Puerto Rico, then you have to follow the substantive laws of Puerto Rico. And it's not one instance that there is an error of law, but there are many, numerous instances throughout the award that issues an award which is inherently unfair. If we go through the list of the errors that we argue, the first one is dolo and what is liability and how to Just before you do that, what's your best case for the proposition that a series of errors is the same thing as a manifest disregard of the law? I would make reference to Hall when Hall says that a manifest disregard that had been discussed by the circuit courts before that decision of Hall was a shorthand for Sections 10A3 and Sections 10A4. Then this Court in Ortiz-Espinosa and then the Supreme Court in Stolt-Nielsen v. Animal Feeds in 2010 specifically said that the issue if manifest disregard of the law would survive the decision in Hall had not been decided yet by the Supreme Court. This Court in Ortiz-Espinosa suggested that and reiterated that in Ramos-Santiago v. UPS that manifest disregard of the law as judicial gloss, which I understand that to be as shorthand for what 10A3 and 10A4 of the Federal Arbitration Act means, would survive the whole decision. So if I go to, I mean, the Court has to decide at which point this series of errors becomes a manifest disregard of the law. And it is, as I said, not one error of law that has been argued, but at least nine and they are very substantial and deal precisely with the appealants having a fair hearing. First error was the dollar liability, how it was interpreted by the arbitrator. Second, the excepcio non ad impleti contractus doctrine, which the arbitrator refused to hear certain evidence that was pertinent to that. And also the issue of novation under Puerto Rico substantive law. So the District Court disagreed that errors had been made? The District Court did not even enter into the errors of law because the District Court understood that under the FAA there was no, there was no authority to enter into reviewing the legal merits of the award. And consider actually that what the appealants were complaining about was that they were not in agreement with the award. Yes, but there's more to it. There's the intrinsic non-observation of the Puerto Rico law and disregard of the Puerto Rico law in each of these instances. I spoke of the first three that deal directly with contract law. But if I go, for example, there are multiple parties in this case. There's the Dialysis Access Center, Gusto Gonzales-Trapala, his wife Nancy, and there is Dr. Ramirez-Husiniano and Dr. Colón. Dr. Ramirez and Dr. Colón settled the cases with RMS and not all of them signed the same documents. All of them signed the agreement, the MSA. But they do not sign the Development Agreement and Equipment Lease Agreement. So the only party that signs the Equipment Lease Agreement and the Development Agreement is Dialysis Access Center. However, the award imposes liability on Gusto Gonzales-Trapala regarding the breach of that agreement to which he did not sign. More importantly, there was a credit that was given to the Access Center because RMS sold the Access Center. That credit should have been given to that part because that's part of the Equipment Lease and the Development Agreement. However, that credit was credited towards the entire judgment. Why? If the sale of the center is because it benefits the damages resulting from the breach of the Equipment Lease and the Development Agreement, then credit it towards that, not towards the entire award. And the other part. Under Puerto Rico, no solidarity is presumed. So if you don't make an apportionment of liability, then everybody is going to be responsible in equal parts, for one equal part of whatever is responsible. So in those breaches in which everybody signed the contract, if there's no apportionment of liability, everybody would be liable for an equal portion. That apportionment, that was not done. And what was done instead was that the settlement amount, the settlement agreement between RMS and Ramirez and Colón was credited towards one portion of the award when that does not make sense. Because if RMS settled with Ramirez and Colón, it is the claims of the liability of Ramirez and Colón, not of the rest. Also, the award provides for damages that are not contemplated nor allowed at Puerto Rico's subsidiary. Corporations do not have moral damages. Puerto Rico does not have punitive damages. And they were provided in this award. Also, the arbitrator allowed for economic damages to be proven without financial documents. And that is also contrary to Puerto Rico's substantive law. If you see that in totality, it's not one error. It is the combination of all these errors that becomes that the paperas did not have their day in court, or in this case, a fair hearing, because the arbitrator knew that Puerto Rico would apply and chose not to apply it and do whatever he thought was fair in that case. The modification of the award is also sought. Because in Puerto Rico, attorney's fees are granted only as a punitive measure when it's temerity. And they were granted here under low-star rule. And prejudgment interest under Puerto Rico law is not allowed. So as a combination, the decision of the award of the arbitrator did not give the appellants a fair hearing and becomes a manifest disregard of the Puerto Rico substantive law. Thank you. Thank you. Good morning. My name is Jose Luis Gonzalez-Castaneda. I appear on behalf of the appellee, RMS. Your Honor, the appellants are seeking review on the merits of an arbitration award. And it is clear that what they posit to this court is contrary to the law. All the arguments raised in this appeal were disposed of by the report and recommendation of the magistrate. The magistrate entered into all the legal arguments, discussed them in detail after reviewing extensive memoranda. Indeed, the magistrate raised the issue that the amount of memoranda and papers submitted was excessive. Appellants contend that this matter should be governed under the Puerto Rico Arbitration Act in order to enter into the merits. And they have several hurdles to survive the rejection of that. First, it is clear that appellants have relied during all the proceedings on the Federal Arbitration Act. That is clear from the first decision of this court. Indeed, this court, in the first decision back in 2010, stated that the parties agreed that this matter was governed by the Federal Arbitration Act. Secondly, when they filed their petition for vacatu, they relied on the Federal Arbitration Act. They included an extensive discussion as part of that argument in their motion for vacatu. Quoting and discussing extensive case law under the Federal Arbitration Act. The issue of the Puerto Rico Arbitration Act was raised as an important matter after the report and recommendation. And what appellants attempt is to persuade this court to apply improperly the Puerto Rico Arbitration Act. And then they sustain that they are entitled to a hearing. They have not said what type of hearing they are entitled to. And then enter into the merits. And then encourage this court to go through an arbitration that went on for months. So the issue of whether Puerto Rico law applies and where was not raised in front of the magistrate prior to the R&R. It was raised as an objection to the R&R? It was raised in the proceedings. It was not developed. Okay. The appellants raised the matter that this is governed also by the Puerto Rico Arbitration Act. But they did not develop that argument until the report and recommendation. But regardless of the waiver issue. The position they took during the first round of litigation was that the FAA applied as far as determining arbitrability. But I thought their argument is that once that determination was made that the substantive law otherwise applied. Puerto Rico's substantive law. And there is no quarter with that. The substantive laws of Puerto Rico as a choice of law are the ones to be applied. And were the ones applied throughout the arbitration. And that's not the dispute. What they are trying to do is to, contrary to the admission that appellant's counsel made just a few minutes ago. That arbitration laws are procedural in nature. That provision of choice of law, the section 13.3. They want to rely upon that to say that they are entitled to a review on the merits. That nowhere on the Puerto Rico case law of the Puerto Rico Arbitration Act is allowed. The errors in the argument, the flaws, are compounded. First, they acknowledged since 2010 that this contract is in commerce. That this contract is governed by the Federal Arbitration Act. And now they say that under Ortiz-Espinosa, even if it is governed by the Federal Arbitration Act. They may rely upon a state construction rule on their state arbitration laws to obtain a more favorable review. In order to do that, Ortiz-Espinosa said, first, assuming, because there is a parenthesis on the citation that appellants are doing. That says, if at all. If at all that can be done. It has to be done explicitly. Explicitly. The parties have to agree explicitly that this contract is going to be governed by the state arbitration laws. And that is not what was done here. As you all pointed out before, there is a general provision as to the arbitration clause. Assuming further that the parties agreed that the Puerto Rico Arbitration Act was going to be applied. They have more problems. Because they want a hearing. And the Puerto Rico Arbitration Act does not allow, and the district court specifically addressed that. And there is a footnote in the judge approval of the report of recommendation in which the court places italics on the Puerto Rico statute. That says that upon hearing, and that hearing is for reversing the award. There is no need of a hearing to affirm the award as a statutory construction. But there is no way also that the appellants can prevail in sustaining that under the Puerto Rico Arbitration Act, a court reviewing an award is entitled to have a review on the merits as if this were an administrative decision of a government agency. Which is what they are propounding. Further. Under Puerto Rico law, if there is an argument for reversal, what do you do? An argument for reversal? Yes. In this case? No, generally. Under Puerto Rico law, if the petitioners contest the award and seek reversal, you said that there is no requirement for a hearing. What would the procedure be? The same as the Federal Arbitration Act. This is motion practice. So the objector would simply make their legal arguments to the court? Yes, and there may be circumstances where a hearing may be justified if someone claims that there was fraud in the arbitration. And they proffer evidence that there was a fraudulent payment to the arbitrator. Well, they might be entitled to a hearing on that. That's a factual hearing for that. But they are not entitled to a hearing to present evidence anew and to invite the court to review the record in light of the evidence that the party pretend to present in order to show that there was a manifest disregard of the law. Which takes us to the final argument that appellants are making, that they would prevail even under the Federal Arbitration Act. And appellants cannot succeed under the Federal Arbitration Act because, as your Honor implicitly stated in the question, a series of errors. No matter how serious those errors might be, a series of errors is not a manifest disregard of the law. Manifest disregard of the law, using the same phrase, if at all, if it has survived, assuming that that is a valid reason to review an arbitration award. Manifest disregard of the law implies what the phrase says, that the arbitrator acknowledged a rule of law and specifically he decided to not apply that because of his personal whim. But that is not what happened here. Because if we go to the arguments that the appellants are raising, they say, for instance, that the main argument is that the arbitrator did not consider the evidence that the appellants wanted to present in connection with the dollar in the formation of the contract. But that is incorrect for two very simple reasons. First, the arbitrator made the analysis under Puerto Rico law and concluded that the evidence that the plaintiffs wanted to present was extrinsic evidence. The arbitrator concluded that the contract was clear. And since the contract was clear under Puerto Rico law, as recognized by this Court, extrinsic evidence is not admissible. And the arbitrator went further and said, even if I were to consider the extrinsic evidence that was presented, it was not a matter that they were deprived of an opportunity of presenting the evidence. The arbitrator said, even if I were to consider that evidence, I would arrive at the same result. But that is simply no way that they could. Yes, Your Honor? Yes, what is the legal basis for the arbitrator granting attorney's fees and prejudgment interest in this case? That's very interesting because the parties specifically agreed that the prevailing party would be entitled to attorney's fees. And moreover, What was this agreement? Pardon? This agreement was in the arbitration? Yes, in 13.9. The prevailing party is entitled to attorney's fees. And the district court specifically addressed that issue and said that appellants were mistaken and said it to the contrary. Indeed, appellants are not contesting that the contract allows for the imposition of attorney's fees. What appellants contends is that that provision in the contract is contrary to Puerto Rico law and the Puerto Rico rules of civil procedure. So, the arguments of the appellants urging this court to enter into the merits of this case goes up to that. To say that an agreement of the parties in the contract contravenes Puerto Rico law and that this court should enter into that. And that simply cannot be done. The issue of the attorney's fees further shows why the invitation that the appellants are doing to this court in terms of entering into the merits is contrary to the case law of this court. Because that would entail this court to enter into a discussion of all the details of the arbitration proceedings. And that is not the role of the judiciary under the Federal Arbitration Act. So, if we are going to summarize, plaintiffs contends that the case should be governed by the Puerto Rico Arbitration Act. There is no explicit agreement in the contract providing so. Plaintiffs rely upon a general choice of law provision to assert that the parties stipulated that this case would be ruled by the Puerto Rico Arbitration Act. That does not comply with the ruling of Ortiz-Espinosa assuming that the parties can circumvent in a contract that is in commerce the provisions of the Federal Arbitration Act. Second, plaintiffs contend that they are entitled to a hearing. They do not say why the hearing was needed for. And the court, the district court, specifically discussed that issue and said that the court did not see why a hearing was necessary and that the plaintiffs have failed to show that the hearing was necessary. Secondly, third, plaintiffs contend that on the merits, the arbitrator did not grant claimants a fair opportunity to present their evidence as to certain points. That was destroyed at the district court level. The report and recommendation of the magistrate discussed all the aspects and the example that I did regarding the issue of fraud in the inducement or dollop shows that. Finally, plaintiffs contend that there is no authority for the imposition of costs and attorneys' fees. Even though the contract specifically provides that. Even though the rules of the American Health Lawyers specifically provided that. Even though the arbitrator specifically faced that issue. And the arbitrator went further. The arbitrator said, distinguish between the rule under the American Health Lawyers Association that was enforced at the beginning of the controversy and the rule that was enforced at the time of his decision. And applying the authority and giving, after giving the parties full opportunity to address the issue of attorneys' fees because that was, there were two awards. An interim award and a second award after the parties submitted memoranda regarding the issue of the costs and attorneys' fees. After reviewing all of that, the arbitrator decided to impose the costs and attorneys' fees that are in the award. For the reasons stated in the appellee's brief. For the reasons that I have expounded here, RMS respectfully moves the court to affirm the judgment of the district court. Thank you.